**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| **BRYAN JEROME MOORE,** § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:06-CV-371-Y |
| **NATHANIEL QUARTERMAN,** Director, § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Bryan Jerome Moore, TDCJ-ID #1149082, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURAL HISTORY

Moore was charged by indictment in cause no. 0873971R in the 396th District Court of

Tarrant Count, Texas, with injury to a child. (Clerk's R. at 3.) On January 23, 2003, a jury found Moore guilty as charged and assessed his punishment at forty years' confinement and a $10,000 fine. (*Id.* at 85.)

### D. ISSUES

Moore raises three grounds for relief. He claims the trial court erred by (1) allowing the prosecutor to use a doll to simulate or demonstrate the offense, (2) allowing hearsay evidence to be admitted, and (3) refusing to give a lesser included offense instruction to the jury. (Petition at 7.)

### E. RULE 5 STATEMENT

Quarterman asserts that Moore has sufficiently exhausted his state remedies only as to claim (1) enumerated above and that claims (2) and (3) are unexhausted because Moore did not raise the claims in his petition for discretionary review or in a state habeas application. (Resp't Answer at 4-5.)

Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting the substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Moore did not raise claims (2) and (3) in his petition for discretionary review, and evidence in the records reflects that he did not file a state habeas application under article 11.07. (Resp't

Answer, Exhibit A.) Thus, the claims are unexhausted for purposes of § 2254(b)(1). Further, the record does not indicate that Moore's failure to exhaust these claims was due to the "absence of available State corrective process" or that circumstances existed which rendered such process "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). Moore may pursue state corrective process as to the claims in the form of a state habeas application under article 11.07. Notwithstanding Moore's failure to exhaust the state remedies available, the court may deny federal habeas relief on the merits. *Id.* § 2254(b)(2).

### F. DISCUSSION

#### 1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

#### 2. Evidentiary Rulings

Moore claims the state trial court erred by allowing the prosecution to use a doll to simulate or demonstrate the way he shook the baby when she wouldn't stop crying. (Petition at 7.) The state

3

appellate court determined that the trial court had not abused its discretion by allowing use of the doll, and the Texas Court of Criminal Appeals refused Moore's petition on the issue. *Moore v. State*, 154 S.W.3d 703, 707-09 (Tex. App.–Fort Worth, 2004); *Moore v. State*, PDR No. 210-05.

The evidentiary rulings of a state trial court are cognizable on federal habeas only if a specific constitutional right is impeded or if the rulings rendered the trial fundamentally unfair. *See Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). Moore has not demonstrated such circumstances nor has he shown that the state courts' adjudication of the issue was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

Moore also claims the trial court erred by admitting into evidence a hearsay statement contained in a writing as a learned treatise. (Petition at 7.) The state appellate court determined that Moore had waived this claim by failing to object to the evidence when it was later referred to by another expert witness. *Moore*, 154 S.W.3d at 710. The Texas contemporaneous objection rule is strictly or regularly applied, and is therefore an adequate procedural bar. *See Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000); *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir.1998). We are precluded from granting habeas relief where the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state-law procedural ground. *See Parr v. Quarterman*, ___ F.3d ___, 2006 WL 3512826 (5th Cir. Dec. 7, 2006); *Cotton v. Cockrell*, 343 F.3d 746, 754 (5th Cir. 2003), *cert. denied*, 540 U.S. 1186 (2004).

### 3. Lesser Included Offense Charge

Moore claims the trial court erred by refusing to give the jury a lesser included offense instruction. (Petition at 7.) The failure of a state trial court to give a lesser included offense

instruction does not raise a federal constitutional issue. *See Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Alexander v. McCotter*, 775 F.3d 595, 601 (5th Cir. 1985).

## II.  RECOMMENDATION

Moore's petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 8, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until January 8, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 15, 2006.

      /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE